IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOHN R. REYNOLDS,
    Petitioner,

v.                                                      Case No. 3:11cv536/LAC/MD

KENNETH S. TUCKER ,
    Respondent.
_____

## REPORT AND RECOMMENDATION

This case is before the court on John R. Reynolds' ("Mr. Reynolds") November 2, 2011 petition for habeas corpus filed pursuant to 28 U.S.C. § 2254 (doc. 1). Respondent has requested that this court dismiss the petition as time-barred (doc. 12). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rule 8(a), Rules Governing Section 2254 Cases. It is further the opinion of the undersigned that the pleadings and attachments before the court show that the petition is untimely and should be dismissed.

## BACKGROUND AND PROCEDURAL HISTORY

On February 13, 1989, Mr. Reynolds was charged by information with four counts of sexual battery upon a person 12 years old or older (Counts I-IV) and one count of burglary of an occupied dwelling with a person assaulted (Count V) in

violation of Sections 794.011(4) and 810.02 respectively, Florida Statutes, in the Circuit Court of Okaloosa County, Florida in case number 89-122C (doc. 12, ex. A)[1]. Mr. Reynolds was tried by a jury and convicted of all charges (ex. B). On August 30, 1989, Mr. Reynolds was adjudicated guilty and sentenced to concurrent life imprisonment terms for each count. *Id.* On September 19, 1989, Mr. Reynolds appealed to the Florida First District Court of Appeal ("First DCA"), which on May 13, 1991 reversed all convictions and remanded for a new trial by a written opinion (ex. C). On December 12, 1991, on retrial, another jury found Mr. Reynolds once again guilty of all counts (ex. D). He was then sentenced to concurrent terms of thirty years for Counts I-IV and consecutive term of life imprisonment on Count V with 1,083 credit days (ex. E). Mr. Reynolds appealed to the First DCA, which affirmed without issuing an opinion (ex. F).

On October 21, 1996, Mr. Reynolds filed a motion to modify his sentence pursuant to Rule 3.800(a), Florida Rules of Criminal Procedure (ex. G). The trial court denied the motion without an evidentiary hearing on November 4, 1996 by written order (ex. H). Mr. Reynolds appealed the denial to the First DCA, which affirmed without a written opinion on August 12, 1997 (ex. I).

On April 10, 1997, Mr. Reynolds filed a pro se petition for writ of habeas corpus with the First DCA alleging ineffective assistance of appellate counsel (ex. J). The First DCA denied the petition without an opinion on May 12, 1997 (ex. K). On April 29, 1997, Mr. Reynolds filed a petition for writ of habeas corpus under Section 2254 with this court (case no. 3:97cv205 RV/SMN), which was later amended (ex. L). This petition was denied and judgment issued on March 23, 2000 (ex. M2). Mr. Reynolds appealed to the Eleventh Circuit Court of Appeals, which on August 7, 2000, denied a certificate of appealability because of his failure "to make a substantial showing of the denial of a constitutional right" (ex. N).

---

[1]Hereinafter, all references to exhibits will be to those provided at Doc. 12, unless otherwise noted.

On October 22, 2001, Mr. Reynolds filed another motion to modify his sentence pursuant to Rule 3.800(a), Florida Rules of Criminal Procedure (ex. O). The trial court denied the motion in a written order dated November 15, 2001 (ex. P). Mr. Reynolds then appealed to the First DCA, which reversed and remanded on October 4, 2002 by written opinion (ex. Q). The trial court held an evidentiary hearing on February 12, 2003 (ex. R). Then, on February 17, 2003, the court resentenced Mr. Reynolds to concurrent terms of thirty years for Counts I-IV and consecutive term of life imprisonment on Count V[2] with credit for time served (ex. S). Mr. Reynolds appealed to the First DCA, which affirmed his conviction and sentence without issuing a written opinion on September 20, 2004 (tr. T).

On May 8, 2006, Mr. Reynolds filed a pro se motion for post conviction relief pursuant to Rule 3.850, Florida Rules of Criminal Procedure (ex. U). The Rule 3.850 court denied the motion without an evidentiary hearing by a written order dated February 9, 2007 (tr. V). The Rule 3.850 court determined that the motion was untimely as to the claims alleging ineffective assistance of counsel with respect to the retrial. *Id*. The Rule 3.850 court then adjudicated the remaining claims pursuant to Rule 3.800(a), Florida Rules of Criminal Procedure. *Id*. Mr. Reynolds appealed to the First DCA, which affirmed without issuing an opinion on October 19, 2007 (ex. W).

On November 2, 2010, Mr. Reynolds filed a petition for writ of habeas corpus in state court (ex. X). The court denied the petition by a written order on November 23, 2010 concluding that the only ground asserted, the upward departure sentence for Count V was illegal, had already been considered in his Rule 3.850 motion; and thus, Mr. Reynolds was collaterally estopped from reasserting it (ex. Y). Mr. Reynolds appealed to the First DCA (exs. Z and AA), which affirmed without issuing a written opinion on March 28, 2011 (ex. BB). Mr. Reynolds requested rehearing

---

[2]This is the same sentence as before, but the trial court made findings as requested by the First DCA to support the upward departure sentence of life imprisonment for Count V (ex. R, pp. 368-372, 376 and ex. S).

before the First DCA, which denied the motion (ex. CC). Mr. Reynolds then filed motions for clarification and to recall the mandate with the First DCA, which were both denied without comment (ex. DD).

Mr. Reynolds filed the instant petition for federal writ of habeas corpus on November 2, 2011 (doc. 1).

## DISCUSSION

Federal courts may issue habeas corpus relief for persons in state custody pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). A person in custody pursuant to a state court judgment must file a federal habeas corpus petition within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). "A judgment becomes 'final' on the date on which the United States Supreme Court issues a decision on the merits of the petitioner's direct appeal or denies certiorari, or after the expiration of the ninety days in which the petitioner could file such a petition." *Ilarion v. Crosby*, 179 Fed. Appx. 653, 654 (11th Cir. 2006). The Eleventh Circuit has held that the "AEDPA's statute of limitations

begins to run from the date both the conviction *and* the sentence the petitioner is serving at the time he files his application become final because judgment is based on both the conviction and the sentence." *Ferreira v. Sec'y, Dep't of Corr.*, 494 F.3d 1286, 1293 (11th Cir. 2007) (relying on *Burton v. Stewart*, 549 U.S. 147, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007)); *see also Ferreira*, 494 F.3d at 1292 ("the judgment to which [section 2254(a)] refers is the underlying conviction and *most recent sentence* that authorizes the petitioner's current detention") (emphasis added). Thus, if a petitioner is re-sentenced, then his AEDPA statute of limitations would reset on expiration of the opportunity for direct review of the new or amended judgment re-sentencing him.

According to the tolling provision of Section 2244(d), the time during which a "properly filed" application for state postconviction or other collateral review is pending shall not count toward any period of limitation. 28 U.S.C. § 2244(d)(2). Although the federal statute does not define "properly filed," the Supreme Court has construed the phrase. *See Artuz v. Bennett*, 531 U.S. 4, 121 S. Ct. 361, 148 L. Ed. 2d 213 (2000); *Pace v. DiGuglielmo*, 544 U.S. 408, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005); *see also Sweet v. Sec'y, Dep't of Corr.*, 467 F.3d 1311, 1315-16 (11th Cir. 2006). In *Artuz*, the Supreme Court explained that "an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz*, 531 U.S. at 8. The laws and rules about filings generally prescribe the form of the document, the time limits on its delivery, and the court and office in which it must be filed. *Id.* Importantly, an application that was erroneously accepted (i.e. it did not comply with procedural requirements) will be pending, but it will not be "properly filed." *Artuz*, 531 U.S. at 9. Federal courts must give "due deference" to state procedural rules governing filings to determine whether an application for post-conviction relief is "properly filed" under Section 2244(d)(2). *See Wade v. Battle*, 379 F.3d 1254, 1260 (11th Cir. 2004). Though deference only applies when the procedural rules are "firmly established and

regularly followed," that a state procedural rule is discretionary does not necessarily disqualify it as a "firmly established" and "regularly followed" rule. *See Siebert v. Campbell*, 334 F.3d 1018, 1025 (11th Cir. 2003); *Beard v. Kindler*, __ U.S. __, 130 S. Ct. 612, 618, 175 L. Ed. 2d 417 (2009).

Mr. Reynolds was convicted of all charges and was ultimately resentenced on February 17, 2003 (exs. R and S). He appealed to the First DCA, which affirmed per curiam on September 20, 2004 (ex. T). He did not file a writ of certiorari with the United States Supreme Court. Accordingly, his conviction became "final" for purposes of Section 2244 on December 20, 2004[3], 90 days later. The federal habeas statute of limitations began to run on that date. *See* 28 U.S.C. § 2244(d)(1). Therefore, in order to be timely, Mr. Reynolds had to file his federal habeas petition by December 20, 2005 absent any tolling.

Mr. Reynolds filed his Rule 3.850/Rule 3.800(a) motion on May 8, 2006 (ex. U). This properly filed motion could not toll the statue of limitations because the one-year federal statute of limitations had expired more than four months earlier. 28 U.S.C. § 2244(d). *See McCloud v. Hooks*, 560 F.3d 1223, 1229 (11th Cir. 2009) (calculating expiration of limitations period as one year from the date after the judgment became "final" under § 2244(d)(1)); *Johnson v. Fla. Dep't of Corr.*, 513 F.3d 1328, 1331 (11th Cir. 2008) (same).

Section 2244(d) is subject to equitable tolling. *Holland v. Florida*, __ U.S. __, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010). A petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 2562-63 (citation and internal quotation marks omitted). Equitable tolling is an extraordinary remedy to be applied sparingly, and the petitioner has the burden of establishing he is entitled to it. *Drew v. Fla. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th

---

[3] Since day 90 fell on Sunday, December 19, 2004, then the "final" date becomes Monday, December 20, 2004.

Case No: 3:11cv536/LAC/MD

Cir. 2002). Recently, the United States Supreme Court clarified that counsels' failure to inform petitioner or the court that they no longer would represent petitioner, while letting the time to file a notice to appeal lapse, constituted cause to excuse petitioner's procedural default. *Maples v. Thomas*, __ U.S. __, 132 S.Ct. 912 (2012).

Mr. Reynolds has not alleged any facts to entitle him to equitable tolling. He has the burden of establishing he is entitled to equitable tolling, and based on the pleadings, this court finds that he has failed to meet that burden.

## CONCLUSION

The instant petition for writ of habeas corpus is untimely. Mr. Reynolds has not established entitlement to equitable tolling or any other exception to the limitations period. Therefore, respondent's motion to dismiss (doc. 12) should be granted, and the petition should be dismissed.

## CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(a), Rules Governing Section 2254 Cases. A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is recommended that the court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If petitioner files an objection to this recommendation, he may bring this argument to the attention of the district judge in his objections.

Accordingly, it is respectfully RECOMMENDED:

1.  That respondent's motion to dismiss (doc. 12) be GRANTED.

2.  That the petition for writ of habeas corpus (doc. 1) challenging the conviction and sentence in *State of Florida v. Reynolds*, in the Circuit Court of Okaloosa County, Florida, case number 89-122C be DISMISSED WITH PREJUDICE.

3.  That the clerk be directed to close the file.

4.  That a certificate of appealability be DENIED.

At Pensacola, Florida this 11th day of June, 2012.

/s/ *Miles Davis*
**MILES DAVIS
UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636;** *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).